# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAYMOND L. KYSAR, PATSY SUE KYSAR,
AND THE KYSAR FAMILY TRUST,

      Plaintiffs,

                                                             Civil No. 05-794 WJ/LCS

WILLIAM KARL JOHNSON and MARY M. JOHNSON,
his wife, and all of their heirs and successors, known
and unknown; BP AMERICA PRODUCTION COMPANY,
f/k/a/ AMOCO PRODUCTION COMPANY; BP; the
heirs and successors of MAUDE KEYS, including, but
not limited to OLIE MAE McCOY, LAURA A. TOVEY,
CLARENCE RIDDLE, EUGENE RIDDLE, JOYCE (JOY)
RIDDLE LEE and TOMMY RALPH RIDDLE,
BEN CASE, HENRY and GEORGIA KNOWLTON;
ONOFRE R. JAQUEZ and ALVINA JAQUEZ, his wife, and
all of their heirs and successors, known and unknown;
COLEMAN OIL & GAS, INC; UNKNOWN ENTITIES
A-Z; JOHN DOES I-X (as yet unidentified agents, employees
or contractors of BP America Production Company, BP,
or Unknown Entities A-Z, who have trespassed on the
Kysar Ranch); and all other persons unknown, claiming
any right, title, estate, lien, easement, or interest in the
real property described in the complaint adverse to
plaintiffs' ownership, or any cloud on plaintiffs' title thereto,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND ACTION TO STATE COURT

      THIS MATTER comes before the Court upon Plaintiffs' Motion to Remand, filed August 4, 2005 **(Doc. 3)**. Having considered the parties' briefs and the applicable law, I find that Plaintiffs' motion is well-taken and will be granted.

**Background**

The Kysars ("Plaintiffs") own a ranch located in San Juan County, New Mexico ("Kysar Ranch"). They filed a state court action in the 11th Judicial District, County of San Juan, asserting various state law claims involving access over the ranch property. Defendant BP America Production Company ("BP") removed the case to federal court on July 22, 2005. Plaintiffs seek remand of the case back to state court.

The instant case has a history which started out as a dispute involving access by BP to a gas well which was located on the Kysar Ranch. Plaintiffs initially sued Amoco Production Company (now "BP") in state court in May 2000, alleging that Amoco was trespassing across their ranch to reach the Sullivan Gas Com E-1 well ("Sullivan E well") which Amoco had drilled on BLM land just to the north of the ranch. The action was removed to federal court. See Kysar et al. v. BP America Production Co., Civil No. 00-958 LFG/KBM. On appeal, the United States Court of Appeals for the Tenth Circuit certified two questions to the New Mexico Supreme Court involving a lessee's implied rights of use and surface access to the Sullivan E well. See, Kysar v. Amoco Production Co., 2004 NMSC-025, 135 N.M. 767, 93 P.3d 1272. Ex. B to Notice of Removal. The litigation resulted in a decision by the Tenth Circuit which held in part that Amoco did not have the right to use the Back Gate Road as an access route to other oil and gas units. See, Kytsar v. Amoco Production Co., 379 F.3d 1150 (10th Cir. 2004). Ex. C to Notice of Removal.

According to the state court complaint, after these court decisions, the parties ultimately negotiated a settlement agreement whereby, for compensation, Kysar granted BP an easement to use the Back Gate Road across the ranch for the sole purpose of accessing the Sullivan E well,

but for no other purpose. Thus, the complaint in this case does not contest BP's right to use the Back Gate Road to access the Sullivan E well.

On May 24, 2005, BP filed an action in federal court requesting declaratory and injunctive relief against the Kysars and the Kysar Trust regarding issues of access over the Kysar Ranch to BP's mineral estate. Ex. D to Notice of Removal, Civil No. 05-0578 LAM/WPL. According to BP's response to the instant motion, Plaintiffs were not served in that federal action, hoping to resolve the dispute amicably. Three weeks after BP filed that federal action, the Kysars filed the state court lawsuit which BP removed to this Court and which is the subject of this motion to remand.

The Complaint alleges eleven state law claims. In Counts III to XI in the complaint, Plaintiff asserts claims for: trespass and ejectment against BP and Unknown Entities A-Z and John Does 1-X; violations of court rulings and contempt against BP; breach of contract and breach of good faith and fair dealing against BP; unreasonable and excessive use of surface against BP; unjust enrichment against BP and Unknown Entities A-Z; property damage against BP and Unknown Entities A-Z; nuisance against BP; and failure to make adequate provisions for reclamation and restoration against BP and Unknown Entities A-Z. In Count I, Plaintiffs bring a quiet title action against all Defendants, and request injunctive and declaratory relief against all Defendants.

Plaintiffs do not dispute that the case satisfies the amount- in-controversy requirement for federal jurisdiction in diversity cases under 28 U.S. § 1332. Plaintiffs seek remand back to state court because there is not complete diversity between the Plaintiffs and all of the Defendants. BP contends that the nondiverse Defendants were fraudulently joined to destroy diversity, that the

Court should disregard these Defendants, and that therefore this Court has jurisdiction over this action.

**Discussion**

Federal court jurisdiction is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U. S. 100, 108, 61 S. Ct. 868 (1941). Where a case was originally filed in state district court, a presumption exists against removal jurisdiction, Laughlin v. Kmart Corp., 50 F. 3d 871, 873 (10th Cir. 1995), and the court must resolve all doubts against removal, Martin v. Franklin Capital Corp., 251 F. 3d 1284, 1290 (10th Cir. 2001); Fajen v. Foundation Reserve Ins. Co., Inc., 683 F. 2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing that removal was properly accomplished. Martin, 251 F. 3d at 1290. The party asserting the right to removal based upon fraudulent joinder bears an even heavier burden. To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty. Couch v. Astec Indus., Inc., 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) (citing McLeod v. Cities Service Gas Co., 233 F. 2d 242, 246 (10th Cir. 1956)). The plaintiff need not ultimately succeed on a claim against the resident defendant to defeat removal jurisdiction; rather, the plaintiff must demonstrate only the possibility that a state court would find that the complaint states a valid cause of action. Id. at 1147.

To prove its allegation of fraudulent joinder, BP must demonstrate that either (1) no possibility exists of establishing a claim against the resident defendant, or (2) the resident defendant has been haled into state court based upon fraudulently pled jurisdictional facts. See Pacheco de Perez v. AT& T Co., 139 F. 3d 1368, 1381 (11th Cir. 1998) (discussing elements and proof of fraudulent joinder); Pampillonia v. RJR Nabisco, Inc., 138 F. 3d 459, 461 (2d Cir. 1998)

(same); Gottlieb v. Westin Hotel Co., 990 F. 2d 323, 327 (7th Cir. 1993) (same).

The complaint includes named Defendants who are allegedly New Mexico residents. BP does not challenge the integrity of the jurisdictional facts which set out residency of each of the Defendants, but rather contends that Plaintiffs have not presented any factual allegations against any of the nondiverse Defendants. Thus, it would appear that BP's claim of fraudulent joinder is based on the first alternative, i.e., that no possibility exists of establishing a claim against the resident defendant.

The Court must disregard nondiverse parties that are fraudulently joined. Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 101-02 (5th Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904 , 907-909 (6th Cir. 1999). Plaintiff concedes that the John Does and Unknown Entities cannot be considered for purposes of this motion because the citizenship of defendants sued under fictitious names is disregarded when named defendants attempt to remove a case to federal court. 28 U.S.C. § 1441(a); Jackson v. Philip Morris Inc., 46 F.Supp.2d 1217 (D.Utah 1998); Oregon Bureau of Labor and Industries ex rel. Richardson v. U.S. West Communications, Inc., 288 F.3d 414 (9th Cir. 2002).

The fact that Plaintiffs are still in the process of determining the identify and location of some of the defendants is not dispositive of the issue. Removal jurisdiction is determined at time of filing. Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939). Thus, the real question is whether BP has shown that the nondiverse named Defendants were fraudulently joined. BP argues that beyond naming these parties, Plaintiffs do not allege the existence of a real controversy anywhere in the factual allegations of the complaint. The Court disagrees. As the removing party claiming

5

fraudulent joinder, BP has the burden of pleading such "with particularity and supporting it with clear and convincing evidence." Smoot v. Chicago, R.I. and P. Railroad, 378 F.2d 879 (10th Cir.1967); Winton v. Moore, 288 F.Supp. 470 (N.D.Okla.1968). In essence, BP must prove that those defendants are not liable under the applicable law. See Spence v. Flynt, 647 F.Supp. 1266, 1271 (D.Wyo.,1986) (non-liability of the nondiverse defendant must be proved "as a matter of fact or law") (citing McLeod v. Cities Service Gas Company, 233 F.2d 242 (10th Cir.1956).

Count I of the complaint asserts a quiet title action "against all defendants." According to the complaint, some of the known and unknown heirs, successors, and assignees of Maude Keys reside in New Mexico.[1] Complaint, ¶ 4. Defendant Henry Knowlton, with his wife Goergia Knowlton (now deceased) were predecessors in interest to the Kysars with respect to the Kysar Ranch. Complaint, ¶ 7. Coleman Oil & Gas, Inc. ("Coleman") leases some oil and gas rights near the Kysar Ranch and crosses the Ranch to reach its wells. Coleman is a New Mexico corporation with its principal place of business in Farmington, New Mexico. Complaint, ¶ 11.[2] These named individuals are alleged in the complaint to have claimed an interest in the Kysar Ranch adverse to Plaintiffs, and that these adverse claims constitute a cloud on Plaintiffs' title to the Kysar Ranch. Complaint, ¶ 41.

The standard used in ruling on fraudulent joinder is more favorable to a plaintiff than the standard used in ruling on a motion to dismiss. Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003);

---

[1] This category of individuals includes Olie Mae McCoy, Laura A. Tovey, Clarence Riddle, Eugene Riddle, Joyce (Joy) Riddle and Tommy Ralph Riddle, as well as their unknown heirs. Complaint, ¶ 4.

[2] The fact that Defendant Coleman may be paying for access to an easement on the Kysar Ranch does not necessarily eliminate its claim as adverse. See Kinscherff v. U.S., 586 F.2d 159, 161 (10th Cir. 1978) (Easements are real property interests subject to quiet title actions).

Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir.1999).  Plaintiffs have alleged that these named nondiverse individuals claim an interest in the Kysar Ranch adverse to Plaintiffs.  These allegations constitute the "possibility of relief" or "glimmer of hope" required to defeat a claim of fraudulent joinder.  Hartley, 187 F.3d at 424.  Defendant BP has not shown with particularity and certainty that these individuals are not liable to Plaintiffs, or that no possibility exists of establishing a claim against these resident defendants.  There is no need for the Court to proceed further into the actual merits of the quiet title claim, particularly when that would involve an analysis of New Mexico property law.  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-53 (3d Cir.1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction"), cited in Montano v. Allstate Indemnity, unpublished opin., 211 F.3d 1278 (Table), at*2 (10th Cir. 2002).  Defendant BP cites to a group of federal cases for the proposition that federal courts "routinely handle" quiet title actions.  Resp. at 6.  What undercuts this argument is not the appropriateness of the forum based on the type of action, but the threshold issue of subject matter jurisdiction -- which does not exist where diversity among the parties is lacking, regardless of the nature of the claims.  Because BP has not met its burden to show fraudulent joinder, Plaintiff's motion to remand shall be granted.

**Attorneys' Fees and Costs**

Plaintiffs request an award of attorneys' fees and costs for responding to BP's removal attempt.  Under 28 U.S.C. §1447(c), the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the

remand.  Moore et al. v. Permanente Medical Group, Inc., et al., 981 F.2d 443, 446 (9th Cir. 1992).  The Court finds no reason to award fees in this case.  Plaintiffs claim that BP used the tactic of removal to buy time in responding to written discovery.  Apparently, whether conduct is qualifies as "strategy" or "delay tactic" seems to be in the eye of the beholder.  There is no evidence that BP removed this case in an effort to circumvent an obligation to timely respond to discovery requests, any more than there is evidence that Plaintiffs decided to file this action in state court (which happens to include a quiet title claim against resident defendants) in a race to judgment against the federal lawsuit BP filed just a few weeks earlier.  Accordingly, Plaintiffs' request for attorneys' fees and costs is denied.

## Conclusion

Plaintiffs' motion to remand shall be granted because Defendant BP has not met its burden of showing that the nondiverse defendants were fraudulently joined.  However, the Court shall not exercise its discretion to award Plaintiffs' request for attorneys' fees and costs.

**THEREFORE,**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand **(Doc. 3)** is hereby GRANTED in that this action shall be remanded back to the 11th Judicial District, County of San Juan, State of New Mexico.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees and costs is hereby DENIED.

UNITED STATES DISTRICT JUDGE